UNITED STATES

v.

**Airman First Class Dwaymon E. BAYSINGER, FR 461–33–2985 United States Air Force.**

**ACM 23129.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 30 March 1981.

Decided 12 Aug. 1981.

---

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Willard K. Lockwood.

Appellate Counsel for the United States: Colonel James P. Porter and Captain George D. Cato.

Before EARLY, MILES and KASTL, Appellate Military Judges.

## DECISION

MILES, Judge:

Consistent with his pleas, the accused was convicted of larceny and housebreaking in violation of Articles 121 and 130, Uniform Code of Military Justice, 10 U.S.C.A. §§ 921, 930. The approved sentence extends to a bad conduct discharge, confinement at hard labor for three months, forfeiture of $334.00 for one month and reduction to airman basic.

Appellate defense counsel assert that the military judge erred when he failed to inquire into an inconsistency between the accused's guilty pleas and his sworn testimony during sentencing. We disagree.

At trial, the accused's pleas of guilty were accepted after an extensive *Care** inquiry by the military judge. The accused's explanation as to the facts surrounding the break in and larceny was lucid and fully consistent with guilt. Subsequently, during the sentencing proceedings, the accused was asked, on cross-examination, "even though you were a security policeman, whose duty is to protect personnel [sic] property on the base, you went into somebody's barracks room when they weren't there." He responded, "Yes sir. At that time I was kind of intoxicated and, you know, anything sounded good."

On the basis of that single statement, appellate defense counsel now contend that the military judge erred in failing to inquire into the accused's intoxication. Since intoxication may, under some circumstances, be severe enough to interfere with the requisite intent for larceny and housebreaking, they urge that further inquiry was

absolutely required and accused's conviction should be set aside.

■ It is well established that if an accused, after a plea of guilty, sets up matters inconsistent with his plea, the trial judge must either resolve the inconsistency or reject the guilty plea and enter a plea of not guilty. Article 45, Code, 10 U.S.C.A. § 845 *supra*; Manual for Courts-Martial (1969 Rev.), paragraph 70*b*; *United States v. Timmins*, 45 C.M.R. 249, 21 U.S.C.M.A. 475 (1972). However, the mere possibility of inconsistency is not sufficient; there must be some substantial indication of direct conflict between the accused's plea and his alleged inconsistent statements. *United States v. Logan*, 47 C.M.R. 1, 22 U.S.C.M.A. 349 (1973); *United States v. Luebs*, 43 C.M.R. 315, 20 U.S.C.M.A. 475 (1971).

■ The facts in the instant case, however, do not involve an inconsistency which would warrant setting aside the accused's guilty pleas. *See United States v. Kopp*, 9 M.J. 564 (A.F.C.M.R.1980), *pet. denied*, 9 M.J. 277 (C.M.A.1980); *United States v. Deavers*, 7 M.J. 677 (A.C.M.R.1979).

Here, the accused's responses during the *Care* inquiry indicate in detail careful planning and execution of these offenses without any mention of alcohol. Both the accused and his counsel entered into an explicit stipulation setting forth the facts surrounding the offenses and expressly acknowledging the criminal intent of the accused. At the conclusion of the inquiry, in response to a question by the military judge, the defense counsel categorically denied any facts which might give rise to a defense to these charges. Moreover, in defense counsel's closing argument on sentence, he referred to the fact that the accused had a few drinks but explained to the court members "that's no excuse." The accused did not elaborate on what he had to drink, but it is clear from all the facts and circumstances that it did not impair his mental capacity. In sum, his statement amounted to nothing more than an asser-

* *United States v. Care*, 40 C.M.R. 247, 18 U.S.C.M.A. 535 (1969).

tion that he had quite a bit to drink. Since his statement is not truly inconsistent with his guilt and is insufficient to demonstrate any reasonable possibility of impaired mental capacity, we see no reason to disturb the accused's provident pleas of guilty.

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

EARLY, Chief Judge, and KASTL, Judge, concur.

UNITED STATES

v.

**Staff Sergeant Danny J. WILLIAMS, FR 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 United States Air Force.**

**ACM 23138.**

U. S. Air Force Court of Military Review.

Sentenced Adjudged 26 March 1981.

Decided 28 Aug. 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain J. Laurens Tullock.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Michael J. Hoover.

Before EARLY, MILES and KASTL, Appellate Military Judges.