UNITED STATES

v.

**Sergeant Otis J. NUTTER, FR 214–60–8080, United States Air Force.**

**ACM S25330.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 16 April 1981.

Decided 22 Dec. 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel James P. Porter and Lieutenant Colonel Bruce R. Houston.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

DECISION

HODGSON, Chief Judge:

Tried by special court-martial with members, the accused was convicted, pursuant to his pleas, of wrongfully transferring, possessing and using marijuana, and despite his pleas, of wrongfully selling and possessing marijuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence extends to a bad conduct discharge, confinement at hard labor for five months, forfeiture of $334.00 per month for five months and reduction to E–1.

Appellate defense counsel argue that the accused's plea of guilty to transferring marijuana (Specification 2 of Charge I) was improvident as he did not acknowledge, during the *Care* * inquiry, that the marijuana was, in fact, transferred. The record established that the accused was asked by a friend to obtain some marijuana. He did so and when they met at a house off-base the friend asked for the marijuana the accused took it from his pocket and placed it on the floor. The record is silent as to whether the friend picked up the marijuana. The accused maintains these facts do not amount to transferring marijuana. We disagree.

A transfer includes any act by which the holder of an object *delivers* it to another person with the intent of passing

* *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (C.M.R.1969).

whatever rights he has in the latter. The transferee asked for the contraband, and the accused gave it to him by placing it on the floor. This was a transfer in every sense of the term. The accused never disavowed any essential element of the offense, and no inconsistent matter was raised during the inquiry. *United States v. Cohen*, 12 M.J. 573 (A.F.C.M.R.1981).

■ The accused next urges that the evidence does not establish beyond a reasonable doubt that the "green, leafy material with seeds and stems" the accused possessed and sold during December 1980, and February 1981, was marijuana (Specifications 2, 4, 5 and 6 of the Additional Charge). We conclude otherwise.

We held in *United States v. Richards*, 47 C.M.R. 544, 545 (A.F.C.M.R.1973) that:

> [T]he identity of a drug may be proved through the testimony of an individual who is not an expert, in the technical sense, providing his familiarity with the drug has been established (citations omitted).

The identification of the questioned material as marijuana was provided by Sergeant Burris, an accomplice and drug user, who testified under a grant of immunity that he had smoked similar "green, leafy material with seeds and stems" before, and on that earlier occasion the substance was marijuana. The substance he saw during December 1980, and February 1981, in the accused's possession was identical in color and composition to the earlier quantity of marijuana. We find his testimony to be clear, consistent and certain. Sergeant Burris was competent to give his opinion as to the material's identity; the extent of his prior use and basis for identification affects only the testimony's weight. *United States v. Villamil-Durand*, 46 C.M.R. 1070 (A.F.C.M.R.1973). We are convinced beyond a reasonable doubt that the "green, leafy material with seeds and stems" was marijuana. Article 66(c), *Code*, 10 U.S.C. § 866(c), *supra*.

The remaining assignments of error have been examined and are resolved adversely to the accused. The findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MILLER, Judge, concur.

UNITED STATES

v.

**Sergeant Kurt L. WHITING, FR 002–44–2294, United States Air Force.**

**ACM 22521.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 5 Feb. 1979.

Decided 28 May 1982.

