**UNITED STATES**

v.

**Sergeant Hanno L. GERSTNER, FR 333–50–8942 United States Air Force.**

**ACM 23632.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 10 March 1982.

Decided 17 Feb. 1983.

760

Appellate Counsel for the Accused: Mr. James S. Cheney, Melbourne, Florida, Colonel George R. Stevens and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Robert L. Kuster.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

CANELLOS, Judge:

Before a general court-martial consisting of members, the accused was convicted, in accordance with his pleas, of possession of methaqualone and cocaine, and, contrary to his pleas, of conspiracy to sell and two sales of cocaine, and use of marihuana. The approved sentence extends to a dishonorable discharge, confinement at hard labor for five years, total forfeitures, and reduction to airman basic.

On appeal, the accused urges eight assignments of error. The first is that there was insufficient evidence adduced at trial to support the conviction of conspiracy to sell cocaine. We agree.

The evidence concerning the conspiracy offense consisted of an Air Force Office of Special Investigations (AFOSI) agent testifying that the accused told him, during a discussion relative to a cocaine sale, that "he and three others were going in together to purchase three-quarters of an ounce of cocaine," and, "between himself and the others the cocaine would be gone that night in the barracks." The agent continued, that immediately prior to those comments by the accused, one of the other alleged co-conspirators had given approximately $400.00 to the accused. The agent further testified that he had subsequently purchased cocaine separately from each of the three alleged co-conspirators.

There was no direct evidence of an agreement to sell cocaine in the barracks; however, the Government claims that there was sufficient circumstantial evidence establishing such a conspiracy. We disagree.

The scope and the extent of a conspiracy must be determined from the available record of trial. *United States v. Kidd,* 13 U.S.C.M.A. 184, 32 C.M.R. 184 (1962); *United States v. Hewitt,* 10 M.J. 561 (A.F.C.M.R.1980), *pet. denied,* 10 M.J. 337 (1981). The existence of the conspiracy may be proved by either direct or circumstantial evidence. *Delli Paoli v. United States,* 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957); *United States v. Salisbury,* 14 U.S.C.M.A. 171, 33 C.M.R. 383 (1963); *United States v. Brown,* 9 M.J. 599 (A.F.C.M.R. 1980), *pet. denied,* 9 M.J. 413 (1980). The agreement in the conspiracy need not necessarily be shown by any formal words. Rather, it is sufficient to prove an understanding to accomplish the purpose of the conspiracy; and this may be shown by the conduct of the parties. M.C.M., 1969 (Rev.), para. 160.

The burden to prove each and every essential element of an offense beyond a reasonable doubt is upon the Government. Here, at most, the Government's evidence may have established a conspiracy to *purchase* cocaine by the so-called co-conspirators; however, the charge here is conspiracy to *sell* cocaine. We find, therefore, that

the Government failed to meet its burden of proof on this offense, and, as a result, we must disapprove the findings of guilty relative thereto.

The accused's next assignments of error which merit our comment are separately asserted; however, because they are so interrelated, we discuss them together. They are: the pleas of guilty to possession of methaqualone and cocaine were improvident; the cross-examination of the accused was not properly limited; and the above two matters, when viewed with other errors committed by the trial defense counsel, indicate that the accused was denied the effective assistance of counsel.

The essence of the accused's argument on the improvidency issue is that he could have asserted either agency or entrapment as a defense, and, by pleading guilty, he waived these viable defenses as to the offenses to which the pleas applied. He points out that the record of trial reveals that only after a tortuous providency inquiry by the military judge, and continuous coaxing by his counsel, did he finally agree to plead guilty.

Agency and entrapment are separate defenses, although they may be asserted together. *United States v. Steinruck,* 11 M.J. 322 (C.M.A.1981); *United States v. Henry,* 23 U.S.C.M.A. 70, 48 C.M.R. 541 (1974); *United States v. Suter,* 21 U.S.C.M.A. 510, 45 C.M.R. 284 (1972). The defense of agency applies only to a charge of *sale* of an illegal drug, and can not be asserted in a charge of *possession* of such drug. *United States v. Fruscella,* 21 U.S.C.M.A. 26, 44 C.M.R. 80 (1971). We note that the accused's pleas of guilty related to only two possession offenses. The entrapment defense excuses an accused if the activities of agents of the Government induced him to commit an offense by implanting the idea of committing the offense in his mind. M.C.M., 1969 (Rev.), para. 216e. A mere invitation by an agent of the Government to commit the crime is not a creative inducement. *United States v. McGlenn,* 8 U.S.C.M.A. 286, 24 C.M.R. 96 (1957). Also, a showing that the accused was predisposed

to commit the offense negates a claim of entrapment. *United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *Sherman v. United States*, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); *Sorrells v. United States*, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932). Applying the above criteria we have determined that the accused was clearly not entrapped into committing the offenses to which he pled guilty.

■ The military judge made a thorough and searching inquiry into the accused's proposed pleas of guilty. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). It was only after an exhaustive colloquy between the military judge and the accused, wherein the accused admitted his guilt of the offenses to which he was proposing to plead guilty and agreed that the defense of entrapment did not apply to his case, that the plea was accepted by the military judge. The inquiry disclosed that the accused believed himself guilty of the offenses and provided the factual basis to support the plea. *United States v. Davenport*, 9 M.J. 364 (C.M.A.1980). We find, therefore, that the defenses of agency and entrapment were not available in this case, and, the pleas of guilty were not improvident.

The accused took the stand to testify on the merits. Apparently, the accused meant to limit his testimony to two offenses; however, his direct examination went into a third offense, conspiracy. The Government sought to cross-examine him relative to the conspiracy offense. The defense counsel objected. The military judge found: that the accused did not declare his testimony was being limited; he did, in fact, testify to the conspiracy offense on direct examination; and he, therefore, "opened the door" to the prosecution's cross-examination.

■ An accused may limit his testimony to some offenses, and thereby limit cross-examination to those offenses. Mil.R. Evid. 301(e). However, an accused who voluntarily elects to take the witness stand subjects himself to cross-examination on those matters he testifies to on direct exam-

ination. *United States v. Pilcher*, 672 F.2d 875 (11th Cir.1982); *United States v. Hatchett*, 2 U.S.C.M.A. 482, 9 C.M.R. 112 (1953); *United States v. Kauffman*, 14 U.S.C.M.A. 283, 34 C.M.R. 63 (1963). We find that the accused opened the door to cross-examination on the offense of conspiracy, and the military judge was correct in allowing the trial counsel to pursue that line of questioning.

■ In reviewing the entire record of trial, we conclude that the accused was adequately represented by his trial defense counsel. Although he did commit some errors, e.g. misstating the testimony of a witness in closing argument, the performance of defense counsel must be characterized as "adequate." *United States v. Rivas*, 3 M.J. 282 (C.M.A.1977). If he complains of inadequate representation, the accused has the burden of proving such inadequacy of counsel. *United States v. Zuis*, 49 C.M.R. 150 (A.C.M.R.1974).

We have reviewed the remaining assignments of error, and have resolved them adversely to the accused. Accordingly, only so much of the findings as find the accused guilty of possession of methaqualone, use of marihuana, possession of cocaine and two sales of cocaine is approved. The remaining findings of guilty are set aside, and ordered dismissed. We have reassessed the sentence and find appropriate only so much thereof as provides for a bad conduct discharge, confinement at hard labor for four years, total forfeitures, and reduction to airman basic.

The findings of guilty and the sentence, both as modified herein, are

AFFIRMED.

HEMINGWAY, Senior Judge, and RAICHLE, Judge, concur.