## UNITED STATES

v.

**Airman Robert L. COLLINS, II, FR 234–11–9968, United States Air Force.**

ACM S25939.

U.S. Air Force Court of Military Review.

Sentence Adjudged 2 Feb. 1983.

Decided 2 Aug. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens, Major William H. Lamb and Major Alfred E.T. Rusch, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Michael J. Hoover.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The issue we now decide is the propriety of the staff judge advocate recommending that the convening authority relinquish to the appellate courts his statutory obligation to "... approve ... the sentence or such part or amount of the sentence, as he finds correct in law and fact as he in his discretion determines should be approved." Article 64, U.C.M.J., 10 U.S.C. § 864; see also para. 88, M.C.M.1969 (Rev.).

██ In the case *sub judice* the military judge admitted, during sentencing, evidence of a civilian conviction for drug abuse. After an extended discussion of the correctness of the trial judge's ruling, the reviewer stated:

My interpretation of the law is that the accused's prior conviction was inadmissi-

ble as trial counsel failed to show the accused was represented by defense counsel at his previous trial. However, due to the lack of guidance on the extent relevant constitutional principles apply to military law, I recommend that the punitive discharge be approved so that the appellate courts will have the opportunity to resolve the issues involved.

The reviewer then used the existence of this prior civil conviction for drug abuse as a basis for recommending to the convening authority that he approve only so much of the sentence as extends to a bad conduct discharge and confinement at hard labor for five months[1] which he did.

Air Force Manual 111–1(c4) (2 Jul 73), Military Justice Guide, para. 7–3a states:

The importance of the staff judge advocate's review of a record of trial cannot be overemphasized. A thorough, intelligent, "lawyer-like" review which summarizes the evidence and the trial proceedings in a clear, concise, and objective manner, *and resolves all the legal problems involved* is not only required by the Code and the Manual, but is of great value to the general court-martial authority and all appellate agencies. (Emphasis supplied).

It is apparent that with regard to the issue discussed above the staff judge advocate's review did not resolve the "legal problem" involved, but was content to allow it to be decided elsewhere. We are deeply concerned that this reviewer felt the approval of a punitive discharge would be an appropriate vehicle to allow others to answer the question posed.

The purpose of the staff judge advocate's review is to identify, discuss and recommend to the convening authority the resolution of the legal problems presented. This function is not served where the convening authority is advised to approve a punitive discharge so that others in the appellate process can decide a thorny legal issue. The convening authority can approve only

---

1. The announced sentence included a reduction to "airman (E–1)." The reviewer concluded this language was ambiguous and contradictory and recommended that the convening authority not approve that portion of the sentence.

the sentence he finds correct in law and fact using the discretion the statute permits him. It is error for a staff judge advocate to recommend to the convening authority that he approve a punitive discharge solely for the purpose of insuring appellate review.

 Defects in post-trial reviews are to be tested for specific prejudice which we hold is present here. *United States v. Curry,* 15 M.J. 701 (A.C.M.R.1983); *see United States v. Grice,* 8 U.S.C.M.A. 166, 23 C.M.R. 390 (1957); *cf. United States v. Thompson,* 18 C.M.R. 444 (N.B.R.1955) (convening authority indicated punitive discharge was inappropriate but left it undisturbed in reliance on action by higher reviewing authorities). We also note that the defense counsel in his *Goode* [2] response specifically challenged that portion of the review stating why a punitive discharge should be approved.

The action of the convening authority is set aside. *United States v. Van Dyken,* 24 C.M.R. 820 (A.F.B.R.1957). The record is returned to The Judge Advocate General for a new review and action.

HEMINGWAY, Senior Judge, and MILLER, Judge, concur.

---

2. *United States v. Goode,* 1 M.J. 3 (1976).