UNITED STATES

v.

Airman Robert L. COLLINS, II, FR 234–11–9968, UNITED STATES AIR FORCE.

ACM S25939.

U.S. Air Force Court of Military Review.

Sentence Adjudged 2 Feb. 1983.

Decided 15 Dec. 1983.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Major William H. Lamb and Major Alfred E.T. Rusch, USAFR.

Appellant Counsel for the United States: Colonel Kenneth R. Rengert and Captain Kevin L. Daugherty.

Before HODGSON, FORAY and MILLER, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

HODGSON, Chief Judge:

On 2 August 1983, as reported in 16 M.J. 734 (A.F.C.M.R.1983), we returned the record of trial to the convening authority for a new review and action because the staff judge advocate had recommended that the convening authority approve a punitive discharge solely for the purpose of insuring appellate review of the admissibility of a civilian conviction. A new review and action has been accomplished, and the record is again before us for review.

Following mixed pleas the accused was convicted of two allegations of wrongfully distributing marijuana. The approved sentence extends to a bad conduct discharge and confinement at hard labor for five months.

I

Appellate defense counsel contend that the military judge erred in accepting the accused's guilty plea regarding the alleged distribution of marijuana that occurred on 29 October 1982 (Specification 1 of the Charge). They assert that the plea was improvident because the trial judge disregarded the accused's protestations which raised the defense that he was entrapped into committing the offense. We agree.

The law is clear that if the accused, at any time, during the proceedings makes any statement that is inconsistent with his guilt, the trial judge must resolve the inconsistency or the guilty plea must be rejected. Article 45, U.C.M.J., 10 U.S.C. § 845; *United States v. Davenport*, 9 M.J. 364 (C.M.A. 1980); *United States v. Baysinger*, 11 M.J. 896 (A.F.C.M.R.1981).

During the *Care* inquiry [1] the accused repeatedly stated that he provided marijuana to Airman First Class Webb, an informant, only because that individual "kept bugging" him to do so. The accused indicated that he had refused Webb's entreaties several times, but finally agreed to obtain the marijuana when Webb said he needed it for a "going away party." Throughout the *Care* questioning the accused maintained he avoided involvement with marijuana as he had been "in trouble before [with marijuana]," and that time he "didn't do anything wrong." Twice the military judge expressed a concern that entrapment appeared to be available as a defense. However, he accepted the guilty plea after trial defense counsel assured him that no entrapment defense could be asserted.

The trial judge has an obligation to ascertain from the accused *his* attitude regarding a potential affirmative defense, and should not base his acceptance of the plea on the defense counsel's conclusion as to the validity of that defense. *United States v. Timmins,* 21 U.S.C.M.A. 475, 45 C.M.R. 249 (1972). Since the accused maintained over and over that his drug involvement with Webb on 29 October was the result of the latter's constant "bugging" to supply marijuana, an entrapment defense appeared available. This being so, the trial judge erred in accepting the accused's guilty plea without first inquiring of the accused his position in the matter. *Cf. United States v. Tichy,* 50 C.M.R. 526 (N.C. M.R.1975). Accordingly, the findings of guilty of Specification 1 of the Charge are set aside. In the interest of judicial economy Specification 1 of the Charge is dismissed.

## II

Concerning the remaining allegation (Specification 2 of the Charge) to which he plead not guilty, the accused contends for the first time on appeal he was entrapped into providing the marijuana that resulted in his conviction.

In *United States v. Vanzandt,* 14 M.J. 332 (C.M.A.1982), the Court of Military Appeals identified the criteria which governs the entrapment defense. These are:

1) The defense is not raised unless it is established beyond a reasonable doubt that the accused committed the offense, and there is evidence that the suggestion or inducement for the offense originated with a government agent;

2) Once the defense is raised, the Government must prove that the accused was predisposed to commit the offense, and needed only the opportunity; and

3) The issue is generally resolved by the factfinder.[2]

The prosecution's case rests principally on the testimony of Airman First Class Webb, an undercover informant who had known the accused since October 1981. During their acquaintanceship the accused had smoked marijuana in Webb's presence, and had inquired at a party if he (Webb) was an "OSI informant;" Webb said, "no." Subsequently, Webb did assist the Office of Special Investigations (OSI) in their drug suppression activities. On 29 October 1982, at the request of the OSI, Webb made a "controlled buy" of marijuana from the accused. Webb testified he asked the accused, "Do you know any place where I could get some marijuana;" the accused said he did and suggested that the two of them go "halves." He asked the accused only one time for the marijuana which the accused gave him and which was later released to the OSI.

A few days later on 3 November, the accused asked Webb how the "[prior] marijuana was?" Webb indicated it was satisfactory and asked if he could obtain more. The accused suggested that "more" was available. Acting again at the request of the OSI, Webb met the accused at the latter's house where they went to a second address. There, the accused left Webb's

---

1. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

2. Where a due process defense is raised it is resolved by the trial judge. *United States v. Vanzandt,* 14 M.J. 332, 343 n. 11 (C.M.A.1982).

vehicle and entered the house. When he returned the accused displayed a packet of marijuana and placed it between the driver's seat and the transmission cover where law enforcement agents found it when they searched the vehicle.

■ The accused's not guilty plea requires that the Government prove beyond a reasonable doubt the absence of entrapment. *United States v. Vanzandt, supra.* Appellate defense counsel argue that the prosecution has not established beyond a reasonable doubt that the accused was predisposed to commit the alleged offense. They maintain that the OSI-controlled informant implanted in the accused's mind the idea to obtain and distribute the marijuana. Therefore a reasonable doubt exists as to his guilt.

■ The case before us was heard from the bench by a military judge sitting alone. Appellate counsel suggest that the statements made by the accused during the *Care* inquiry wherein he claimed he was entrapped should be considered as evidence going to the merits of the case. We disagree. Just as the *Care* procedure cannot be used to provide evidence to support a finding of guilty on the merits, neither can the proceedings be used to provide a defense on the merits. *Cf.* Mil.R.Evid. 410(a)(3).

■ As stated previously this was a bench trial where the trial judge sat as the fact finder. Like him, we are convinced beyond a reasonable doubt that the defense of entrapment was not available to this accused. We find it significant that Webb did not ask the accused to sell him marijuana, but only inquired where it could be obtained. The accused, instead of referring Webb to his "supplier," offered to be the

middleman in the transaction. Further, regarding the specification under discussion, it was the accused who initiated the conversation concerning the marijuana, and after being asked if more was available, took upon himself to get it. Webb testified that the accused immediately agreed to supply the marijuana. The record establishes that he did so without "qualm or disquiet." *See United States v. Garcia,* 1 M.J..26 (C.M.A. 1975). On these facts, we conclude that an issue of entrapment was not raised by the evidence. *United States v. Vanzandt, supra; see United States v. Gerstner,* 15 M.J. 759 (A.F.C.M.R.1983).

### III

During the presentencing phase of the trial, the military judge admitted, over defense objection, what the prosecution termed a "civil court conviction" [3] involving the accused.

■ Appellate defense counsel argues that the challenged exhibit is inadmissible as it does not establish that the accused had been represented by counsel in that prior trial.

We need not address this as we conclude the exhibit does not amount to a record of conviction by a civilian court as contemplated by Air Force directives. *See* Air Force Regulation 35–32 (12 February 1982), Unfavorable Information Files, Control Rosters, Administrative Reprimands and Admonitions, paragraph 3, Table 1, Rule 10, Footnote 3. The exhibit is not a state criminal court record, but a form prepared by the accused's squadron. *See generally United States v. Cook,* 10 M.J. 138 (C.M.A.1981); *see* Mil.R.Evid. 902(1) and (2). The trial judge should not have admitted the exhibit.

---

**3.** This exhibit was apparently a form prepared and sent by the accused's squadron to the Court asking information concerning the accused's conviction. The returned document stated that the accused had been' convicted on 11 January 1982 in an unidentified state court —presumably, New Jersey—for attempting to elude a police officer and the possession of small amounts of hashish and marijuana. Following his guilty plea he was fined $700.00 and assessed court costs of $75.00. Additionally,

the accused was placed on probation under the supervision of an unnamed county. This form appears to be that suggested for use in administrative actions while waiting for a certified record of criminal proceedings. *See* Air Force Regulation 39–10 (1 October 1982), Administrative Separation of Airmen, paragraph 6–55(6). We note that the form has no indication whether the accused was represented by counsel. *See generally United States v. Booker,* 5 M.J. 238 (C.M.A.1977).

We will cure the error by reassessing the sentence.

## IV

The remaining assigned error has been examined and is resolved adversely to the accused. *Accord United States v. Nutter,* 13 M.J. 803 (A.F.C.M.R.1981). Accordingly, in light of the error discussed above and the finding of guilty affirmed, we find appropriate only so much of the sentence as provides for a bad conduct discharge. The findings of guilty and the sentence, both as modified herein, are

AFFIRMED.

FORAY, Senior Judge, and MILLER, Judge, concur.

**UNITED STATES**

v.

**Airman First Class Thomas A. DEVITT, FR 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, United States Air Force.**

**ACM 23875.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 27 Jan. 1983.

Decided 5 Jan. 1984.

Appellate Counsel for the Accused: Colonel George R. Stevens, Colonel Leo L. Sergi and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Brenda J. Hollis.

Before KASTL, CANELLOS and RAICHLE, Appellate Military Judges.