UNITED STATES

v.

Staff Sergeant Edwin J.B. ADVINCULA,
FR 563–15–3554, United States
Air Force.

ACM S28121.

U.S. Air Force Court of Military Review.

Sentence Adjudged 1 April 1989.

Decided 19 Oct. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair; Major Lynne H. Wetzell and Lieutenant Colonel Michael Sofocleus, U.S.A.FR.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Major Terry M. Petrie and Captain David G. Nix.

Before FORAY, LEONARD and MURDOCK, Appellate Military Judges.

DECISION

LEONARD, Judge:

Appellant was convicted of one conspiracy offense and three offenses of violating a lawful general regulation. The offenses all involve some aspect of acquiring tax-exempt property in the Republic of the Philippines for the purpose of disposing of the property to Philippine nationals not entitled to tax-exempt privileges. Appellant pleaded guilty to all four offenses and during the providency inquiry the defense of duress was raised. We reverse because the military judge did not properly resolve the inconsistency between appellant's pleas and the defense of duress.

Before turning to the specifics of appellant's providency inquiry, there is some background information contained in his unsworn statement which is relevant to the duress defense raised during that inquiry. Both the appellant and his wife are of Philippine ancestry. Appellant left the Philippines for California when he was 13 and his wife went to Hawaii at the age of 10. They arrived in the Philippines in December of 1986 and the offenses charged occurred between February and October 1988. Appellant's arrival coincided with a period of increased violence directed against Americans residing in the Philippines and some Americans were shot at and one American serviceman of Philippine ancestry was killed. Because of this violence directed at American servicemen, appellant and his wife were afraid and they

did not believe it was safe to visit their relatives in the provinces where they were born.

During the providency inquiry, the appellant stated that he committed the offenses because he was afraid Benji, Elli and Relli, the Philippine nationals asking for the tax-exempt items, would do harm to him or his family. He stated that when they came to his home to ask him to buy a car for them one of the individuals had a clearly visible gun in his waist and the person doing the talking stated that unless the appellant cooperated "he would do harm to me and my family, and ... anything could go wrong in the Philippines." At this point, the military judge recognized there was a possible duress defense and called this to the attention of both counsel. After the appellant and his counsel conferred, the military judge asked: "You are telling me that you thought this guy with Relli was going to inflict physical harm on you or a member of your family, right?" The appellant's reply was "that's what I was thinking, your Honor." After this response, the defense requested a recess and the court was recessed for three hours. When the court reconvened, the military judge asked the defense counsel whether there was a defense of duress. The defense counsel replied that he did not feel there was and the military judge continued the inquiry. The appellant again repeated that he saw the gun and was told "anything can happen in the Philippines." In response to another question, the appellant stated "I thought it was easier your Honor, to go along with them instead of taking the chance of being harmed." The military judge tried to get the appellant to admit that he didn't have any real fear of being harmed. Although he was partially successful, the appellant continued to state that he felt it was better to go along "than taking the chances." When the appellant again stated "and he told us that he would do harm to my family if," the military judge interrupted him with "Is it to do harm to your family or turn you in for blackmarketing? Are we back to duress again, counselor?" After conferring with his counsel, the appellant backed off to "Well, it was better for us to go along."

At the conclusion of the providency inquiry, the following exchange occurred:

MJ: Well, now, has your counsel told you about the defense of duress, here? Do you want to try and claim that somebody had a gun to your head or was using physical threats or psychological threats to commit a harm, serious bodily harm or death to your family or yourself? You know that's a defense to this stuff. Do you want to raise it?

ACC: I understand that, your honor, but I feel that—

MJ: It wasn't there?

ACC: No, your Honor, because the gun wasn't pointed at me or—they just pointed at the guy that was wearing the gun.

After this exchange, the military judge confirmed that the appellant had time to report the matter before he went ahead with the blackmarketing transaction and had not done so. At this point, the military judge apparently felt he had finally resolved the inconsistency and convinced the appellant that he had no realistic defense of duress. We disagree.

In this case, it appears that the military judge and counsel were so preoccupied with saving appellant's pleas of guilty that they lost sight of appellant's right to his day in court. The military judge in this case was unable to resolve the inconsistency raised by appellant. When matters inconsistent with guilt are brought up by an accused during a providence inquiry, the military judge must either reject the plea of guilty or resolve the inconsistency. *United States v. Palus,* 13 M.J. 179 (C.M.A.1982); *United States v. Davenport,* 9 M.J. 364 (C.M.A.1980); *United States v. Collins,* 17 M.J. 901 (A.F.C.M.R.1983). Although the defense counsel maintained the defense of duress did not apply, the appellant did not seem convinced. The military judge has an obligation to ascertain the accused's attitude concerning the defense raised and should not base acceptance of the plea on the defense counsel's conclusion as to the validity of the defense. *United States v. Timmins,* 21 U.S.C.M.A. 475, 45 C.M.R. 249 (1972); *United States v. Collins, supra.* When a defense is raised

during the providency inquiry, the military judge should fully explain the defense and not accept the plea unless the accused admits facts which negate the defense. *United States v. Jemmings,* 1 M.J. 414 (C.M.A.1976); R.C.M. 910(e), Discussion. The military judge's explanation to the appellant of the duress defense fell far short of the full explanation needed to apprise the appellant of the defense and resolve the inconsistencies.[1] Even after his explanation, the military judge still was unable to obtain from the appellant facts or statements that clearly negated his previous statements raising the defense. When the appellant persisted in his inconsistent statements after repeated attempts to resolve the inconsistency, the guilty pleas should have been rejected. *United States v. Thompson,* 12 U.S.C.M.A. 526, 45 C.M.R. 300 (1972).

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.[2]

Senior Judge FORAY and Judge MURDOCK concur.

---

1. See the instruction on the defense of duress contained at paragraph 5–5 of the Military Judges' Benchbook, Department of Army Pamphlet 27–9, 1 May 1982.

2. Any rehearing of this case should develop the facts of appellant's "show and tell" inspection on 28 October 1988 to determine if it was conducted properly and whether the derivative evidence may be used to prove the charged offenses. *United States v. Lee,* 25 M.J. 457 (C.M.A.1988).