UNITED STATES

v.

**Staff Sergeant Douglas L. MARCY,
United States Air Force.**

ACM 35705.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 15 April 2003.

Decided 8 Nov. 2005.

Appellate Counsel for Appellant: Colonel Carlos L. McDade, Major Terry L. McElyea, and Major James M. Winner.

Appellate Counsel for the United States: Colonel LeEllen Coacher, Lieutenant Colonel Gary F. Spencer, Lieutenant Colonel Robert V. Combs, and Major Jin–Hwa L. Frazier.

Before STONE, SMITH, and MATHEWS, Appellate Military Judges.

## OPINION OF THE COURT

MATHEWS, Judge.

The appellant was charged with, and pled guilty to, a single specification of knowing and wrongful possession of images depicting minors engaged in sexually explicit conduct, in violation of Article 134, UCMJ, 10 U.S.C. § 934. He was sentenced by a military judge to a bad-conduct discharge, confinement for 10 months, and reduction to E–1. The convening authority approved the sentence as adjudged.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), the appellant now alleges that his plea was improvident. He argues that during sentencing, when the prosecution offered his pretrial statements minimizing his culpability, the military judge was required to reopen his providency inquiry or reject his guilty plea. Under the circumstances of this case, we disagree and affirm the findings and sentence.

### Background

During the *Care* inquiry,[1] the military judge appropriately advised the appellant of the elements of the charged offense, using the standard instructions from Department of the Army Pamphlet (D.A.Pam.) 27–9, *Military Judges' Benchbook* (1 Apr 2001), and tailored instructions based on the definitions of "minor" and "sexually explicit conduct" contained in 18 U.S.C. §§ 2256(1) and (2).[2]

---

1. *United States v. Care*, 40 C.M.R. 247, 1969 WL 6059 (C.M.A.1969).

2. Although the military judge utilized the Title 18 definitions, the appellant was not charged under clause 3 of Article 134, UCMJ (which permits the military to incorporate "crimes and offenses not capital" in child pornography prosecutions, typically 18 U.S.C. § 2251 *et seq.*); he was instead tried under clauses 1 and 2, the "disorders and neglects to the prejudice of good order and discipline" and "conduct of a nature to bring discredit upon the armed forces" provisions of the gen-

The appellant admitted to all of the elements. In particular, he admitted that he knowingly and without lawful justification or excuse possessed images depicting minors engaged in sexually explicit conduct—some 241 images in all, according to a stipulation between the parties.

On questioning by the military judge concerning the images, the appellant informed her that he "knew they were images of children," and admitted that the images depicted "actual children" rather than images created using computer animation software or similar technical methods. The appellant told the military judge that, in his view, "the viewing of pictures of this nature would lessen the public's opinion of the Air Force." After completing the inquiry, the military judge found the appellant's plea provident and found him guilty in accordance with that plea.

In sentencing, the prosecution called two civilian witnesses, DW and KF, who knew the appellant socially. DW testified that she had seen some of the images of child pornography in the appellant's home, and both she and KF testified that they talked to him about those pictures some time prior to trial. DW testified that the appellant told her the pictures "are just pictures, they are not real people." KF's description of her conversation with the appellant is similar:

> He said he didn't know what the big deal was, that *the people in the pictures were not real.* And I told him I get pictures taken of myself, I take them of my kids and [DW] and the people are real. So, in the conversation it just kept going from there more of the same thing.

(Emphasis added). Neither the military judge nor counsel for either party pursued the question of the depicted children's "reality" any further. However, during his unsworn statement, the appellant offered the following observation: "the children in those photographs are victims ... I apologize for contributing to their suffering in any way."

During sentencing argument, the assistant trial counsel attempted to put the appellant's out-of-court statements to DW and KF into the following context:

> Your Honor, Robert Pollack once said that children are living jewels that drop unsustained from heaven. That quote is a sharp contrast to comments that the accused has made when he was confronted with his actions. He made comments like *I don't know them, they are not real, they are only photos* and the younger the better.

(Emphasis added). There was no objection to this passage from the prosecutor's argument, and the military judge did not ask the assistant trial counsel to elaborate its meaning.

On appeal, the appellant has assigned one error for our consideration, alleging that his plea was improvident. He bases the assignment on four contentions: first, that the military judge failed to explain "the constitutional 'actual' versus 'appeared to be' distinction" of *Ashcroft v. Free Speech Coalition,* 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002), and *United States v. O'Connor,* 58 M.J. 450 (C.A.A.F.2003); second, that the military judge asked "loaded and leading questions" during the *Care* inquiry; third, that the military judge only questioned him about the 23 images attached to the stipulation of fact, but the trial counsel presented their case "as if he had been convicted of possessing 248 images of child pornography"; and finally, that the military judge failed to reopen the *Care* inquiry after DW and KF testified.

Considering the record as a whole, we find that the appellant's first three arguments are without merit and resolve them adversely to him.[3] The final contention requires a brief examination of the history of the providency inquiry and analysis of the requirement to reopen it for further inquiry in some situations.

---

eral article. This approach to child pornography offenses is permissible in courts-martial. *United States v. Mason,* 60 M.J. 15, 20 (C.A.A.F.2004).

**3.** Although assistant trial counsel did make reference in his sentencing argument to "248 total images," rather than the number stipulated by the appellant, 241, we are confident that this de minimus overcount had no impact whatsoever on his sentence.

### History of the Providency Inquiry

A military judge may not accept a plea of guilty unless the accused unequivocally admits his guilt and provides a factual basis for his plea. *Care,* 40 C.M.R. at 253. The statutory basis for this rule precedes the adoption of the Uniform Code of Military Justice. The 1920 Articles of War contained the following provision:

> ART[ICLE] 21. Refusal or Failure to Plead.—When an accused arraigned before a court-martial fails or refuses to plead ... or after a plea of guilty makes a statement inconsistent with the plea, or when it appears to the court that he entered a plea of guilty improvidently or through lack of understanding of its meaning and effect, the court shall proceed to trial and judgment as if he had pleaded not guilty.

Following the end of the Second World War, this rule found a home in the newly-enacted UCMJ:

> ART[ICLE] 45. *Pleas of the accused.* (a) If an accused arraigned before a court-martial ... after a plea of guilty sets up a matter inconsistent with the plea ... or if he fails or refuses to plead, a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty.

Article 45(a), UCMJ, 10 U.S.C. § 845(a).[4] Article 45(a), UCMJ, remains substantially the same to this day.

Commentators on the military justice system have suggested that the intent of this requirement is to "offer[ ] protections for the accused against coerced and uninformed guilty pleas." David A. Schleuter, *Military Criminal Justice Practice and Procedure* § 14–3(D)(4) (6th ed.2004). A review of testimony during the congressional hearings on the UCMJ confirms that this was the drafters' concern:

> We feel that is a procedure which will give an added amount of protection to the innumerable cases where pleas of guilty are taken, particularly among the younger men.
>
> I think it would have the added advantage of settling once and for all that he is the

man who did what he is charged with doing and we would be relieved thereafter of the continually [sic] complaint of accused that they did not understand what they were doing when they took their plea.

*Uniform Code of Military Justice: Hearings on H.R. 2498 Before the Comm. On Armed Services,* 81st Cong., 1st Sess., 1054 (1949) (testimony of Felix Larkin, Assistant General Counsel, Office of the Secretary of Defense).

In the years since the adoption of the UCMJ, military appellate courts have had—Mr. Larkin's optimistic predictions notwithstanding—ample opportunity to review cases in which the appellants asserted that their pleas were improvident. Typically, the appellants argue either that they did not understand the meaning and effect of their pleas, or there were facts tending to negate their guilt that were not fully explored at trial.

A considerable body of decisional law has evolved to deal with such claims. Our superior appellate court has instructed us that not every inconsistency requires rejection of a guilty plea. Article 45(a), UCMJ, is triggered only where there is "a 'substantial basis' in law and fact for questioning the guilty plea." *United States v. Prater,* 32 M.J. 433, 436 (C.M.A.1991). A speculative inconsistency is not enough, *United States v. Olinger,* 50 M.J. 365, 367 (C.A.A.F.1999), nor is "a 'mere possibility' of a defense." *United States v. Faircloth,* 45 M.J. 172, 174 (C.A.A.F.1996). It is not necessary, however, that the inconsistent matter be plausible or credible. *United States v. Lee,* 16 M.J. 278, 281 (C.M.A.1983).

█ Where an accused raises a matter inconsistent with his plea, the military judge has a duty to inquire further. *United States v. Thompson,* 45 C.M.R. 300, 301, 1972 WL 14181 (C.M.A.1972). The inquiry should attempt to resolve the inconsistency by calling it to the accused's attention and offering the accused an opportunity to explain or withdraw the inconsistent matter. *United States v. Adams,* 33 M.J. 300, 302–03 (C.M.A.1991); *United States v. Garcia,* 43 M.J. 686, 689 (A.F.Ct.Crim.App.1995). *See also United States v. Kroop,* 34 M.J. 628, 635 (A.F.C.M.R.

4. Uniform Code of Military Justice, Pub.L. No. 81–506, 64 Stat. 107 (1950).

1992), aff'd, 38 M.J. 470 (C.M.A.1993); *United States v. Advincula*, 29 M.J. 676, 677 (A.F.C.M.R.1989); *United States v. Collins*, 17 M.J. 901, 902 (A.F.C.M.R.1983); *United States v. Baysinger*, 11 M.J. 896, 897 (A.F.C.M.R.1981); Schleuter, at § 14–3(D)(4).

### Application of Article 45(a), UCMJ, to Matters Raised by Trial Counsel

■ By its terms, Article 45(a), UCMJ, concerns itself with the actions *of the accused*. A literal reading of the text indicates that it is only when the accused makes a statement or "sets up matter" inconsistent with his plea, that the plea becomes improvident. Article 45(a), UCMJ, is silent as to situations where the trial counsel offers evidence or "sets up matter" inconsistent with the plea. This is not surprising, for trial counsel will ordinarily find impeaching a guilty plea to be an unproductive litigation strategy.

Appellate decisions interpreting Article 45(a), UCMJ, have followed its focus on the accused. *See, e.g., Prater,* 32 M.J. at 436 (emphasizing the actions by the accused that trigger Article 45(a), UCMJ). *See also United States v. Penister,* 25 M.J. 148, 152 (C.M.A.1987) (appellant pled guilty and completed providency inquiry, but trial counsel moved to reject the guilty plea; military judge erred in granting the motion because "no inconsistency existed between *the accused's responses* and his pleas of guilty" (emphasis added)). Here, nothing said or offered by the appellant was in any way problematic. It was trial counsel, not the appellant, who called DW and KF; and the testimony in question came on direct examination, not cross. As in *Penister,* the appellant "did all within his power" to offer a provident plea. *Id.*

Turning to the matters raised by trial counsel through DW, we disagree that her testimony was inconsistent with the appellant's plea. Her testimony—that the appel-

lant told her some time prior to trial the images were "just pictures" and "not real people"—seems plainly to have been the literal truth. The appellant had no actual children in his home, but rather had only pictures of children. We evaluate his pretrial statements to KF in light of this statement—that he had pictures of children and not the children themselves. His further comment that they were not "real" should be interpreted in the same sense that people often consider persons they do not know personally, or who live in remote countries, or lived in the distant past, to be not "real." Judging from the assistant trial counsel's argument quoted above, and the lack of concern evinced by all of the parties in KF's testimony, we conclude that the military judge and counsel must have interpreted the appellant's statement the same way.

Such pretrial minimization is hardly unique to this appellant. *See, e.g., Penister,* 25 M.J. at 153 (Cox J., concurring) (noting human nature is to rationalize misconduct); *United States v. Clark,* 28 M.J. 401, 406 (C.M.A. 1989) (citing "the well-known tendency of human beings to rationalize their behavior"). Nor, in the ordinary circumstance, is it enough to amount to a "substantial matter" calling into question the accused's pleas when the defense position throughout the trial itself is consistent with his pleas. *Prater,* 32 M.J. at 436. We agree with the court in *United States v. Richardson,* 35 C.M.R. 372, 375, 1965 WL 4681 (C.M.A.1965), that "improvidence of a plea is normally put in issue only by post-plea declarations of innocence and, in the ordinary situation, [an] accused's preplea protestations of innocence have little bearing on the question." [5]

With these principles in mind, we examine the entire record to determine whether the military judge abused her discretion in accepting the appellant's plea. *United States v. Jordan,* 57 M.J. 236, 238 (C.A.A.F.2002); *United States v. Eberle,* 44 M.J. 374, 375

---

5. There are many instances in which an accused's pretrial assertions of innocence may be relevant after a plea of guilty: they may constitute proper aggravation (as when an accused previously blamed an innocent person for his misconduct, causing them to fall under a cloud of suspicion) or, as here, may be offered for their tendency to show that his in-court expressions of remorse are newfound or less than sincere. Trial counsel should not be constrained from offering such relevant sentencing evidence.

(C.A.A.F.1996). We are satisfied that the appellant's admissions to the military judge were sufficient to sustain his guilty plea, and that he was consistent in those admissions throughout the trial. We note that even after hearing the testimony of DW and KF about his pretrial statements, the appellant was unshaken in his conviction that the images depict real children: his unsworn statement that the children are "victims" and his remorse over their "suffering" cannot be interpreted in any other way.

Although we strongly urge military judges to be alert to matters which may be capable of inconsistent interpretation, regardless of their source, and to make liberal use of their authority to reopen the *Care* inquiry, we do not believe the drafters intended—and we hereby decline to adopt—a per se rule requiring them to do so every time the prosecution offers an accused's preplea denials, excuses, or rationalizations. *See Richardson*, 35 C.M.R. at 375. We conclude that the proper focus of concern under Article 45(a), UCMJ, remains primarily where it has been for over eight decades: with matters raised by the accused. When, as here, an accused pleads guilty, establishes a factual basis for that plea, and steadfastly maintains his guilt throughout trial, we will not ordinarily reject the providency of his plea. *See Clark*, 28 M.J. at 407; *United States v. McCrimmon*, 60 M.J. 145, 152 (C.A.A.F.2004). Only when the evidence, taken as a whole, casts substantial doubt on the plea must the inquiry be reopened; and we, like the trial participants below, conclude that this threshold was not crossed. We therefore hold that the appellant's plea was provident.

### Conclusion

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the approved findings and sentence are

AFFIRMED.

**UNITED STATES**

v.