**UNITED STATES**

v.

**Ronald COLEMAN, 320 54 4217, Seaman Apprentice (E–2), U. S. Navy.**

**NMCM 80 2535.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 21 May 1980.

Decided 29 June 1981.

LT Thomas P. Murphy, JAGC, USNR, Appellate Defense Counsel.

LCDR Michael R. McGuire, JAGC, USN, Appellate Government Counsel.

Before GREGORY, BOHLEN, and GLADIS, JJ.

GLADIS, Judge:

The accused was convicted at a special court-martial bench trial of an unauthorized absence of more than 6 months, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886, and sentenced to a bad-conduct discharge, confinement at hard labor for 30 days, and reduction to pay grade E–1. The convening and supervisory authorities approved the adjudged sentence.

Among other things the accused contends that the military judge erred by denying the defense motion for a sanity board pursuant to paragraph 121, *Manual for Courts-Martial, 1969 (Rev.)* (MCM), and ruling that the issue of insanity was not raised by the evidence. We reject the first contention, but find that the judge erroneously precluded the accused from attempting to raise the defense of insanity and introduce evidence before the triers of fact.

*Denial of Sanity Board*

Evidence offered in support of the defense motion for a sanity board included several evaluations by psychiatrists and clinical psychologists, the testimony of the accused, and other witnesses. When some evidence which could reasonably tend to show that the accused is insane or was insane at the time of his alleged offense is introduced, then the sanity of the accused is an essential issue. Paragraph 122a, MCM. The military judge rules finally as to whether an inquiry concerning the accused's sanity should be made. Paragraph 122b (2), MCM. He did not abuse his discretion in denying the defense motion for a board in this case. The evidence offered in

support of the motion did not reasonably tend to show that the accused was insane or that further inquiry was warranted.

### Refusal To Defense To Raise Insanity Issue Before Members

The accused pleaded not guilty after the defense motion for a sanity board was denied. The military judge ascertained that the defense would present the same evidence introduced in support of the motion plus an additional witness in order to raise an insanity defense on the merits. The defense indicated that the accused would not request trial by judge alone. The judge then solicited an offer of proof consisting of the testimony of the additional witness and ruled that since the evidence was insufficient to raise the issue of mental responsibility, it could not be introduced at the trial on the merits before the members. He advised the defense that the issue would be preserved on appeal, even if the accused changed his pleas to guilty. The accused requested trial by military judge alone and changed his pleas to guilty.

 Paragraph 122*b*(4), MCM, provides that if the issue of insanity is raised as an interlocutory question, the defense is not precluded by this finding from offering further evidence on the issue. Military law accords the defense of insanity a preferred status. *United States v. Walker*, 20 U.S.C.M.A. 241, 246, 43 C.M.R. 81, 86 (1971). The military judge based his ruling that the accused could not introduce evidence on the merits to raise the defense of insanity on *United States v. Sexton*, 1 M.J. 679 (N.C.M.R.1975), which merely held that under the circumstances of that case, the judge did not err in refusing to instruct on the issue of mental responsibility because the record did not contain some evidence which reasonably tended to show that the accused was insane at the time of the crime. *Sexton* did not involve the exclusion of evidence. Evidence may be admissible even though it is not sufficient to require an instruction or leave the fact finders with a reasonable doubt. *Cf. United States v. Walker, supra.* An accused is entitled to have the factual issues decided by the trier of fact. The military judge has no authority to hear the evidence before it is presented to the triers of fact, weigh it, and exclude it because he determines that it is too weak to raise a defense requiring instruction. The weight of the evidence is a matter within the province of the fact finders. The judge here usurped the function of fact finders and deprived the accused of his right to a trial of the facts before the members. Consequently, the accused did not receive a fair trial.

Accordingly, the findings of guilty and sentence are set aside. A rehearing is authorized.

Judge BOHLEN concurs.

Senior Judge GREGORY (ABSENT).