**UNITED STATES**

v.

**John D. TULIN, 543 63 4702, Hull Maintenance Technician Fireman Recruit (E–1), U. S. Navy.**

**NMCM 81 2371.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 20 Feb. 1981.

Decided 13 Aug. 1982.

CAPT W. J. Ciaravino, USMC, Appellate Defense Counsel.

LCDR William A. DeCicco, JAGC, USN, Appellate Defense Counsel.

LT Wm. Eric Minamyer, JAGC, USNR, Appellate Government Counsel.

Before SANDERS, Senior Judge, and BOHLEN and MICHAEL, JJ.

PER CURIAM:

On 14 and 22 January and 19–20 February 1981, appellant was tried by a special court-martial composed of members and was found guilty of two specifications of unauthorized absence from 1 May 1979 to 3 October 1980 and from 5 to 12 February 1981 in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. Appellant entered a plea of not guilty to the former absence specification and a plea of guilty to the latter. He was sentenced by the court to a bad-conduct discharge, confinement at hard labor for six months, and forfeiture of $335.00 per month for six months. Intermediate reviewing authorities approved the findings and sentence, less $1.00 per month forfeiture for six months.

Appellant assigns five errors for our consideration, in addition to the appellate brief prepared by trial defense counsel. We find merit in Assignments of Error I and II, both of which relate to the same ruling of the military judge. In view of this determination, we need not discuss the remaining assignments, although we will advert to the third assignment *infra*.

I

THE MILITARY JUDGE PREJUDICIALLY ERRED DURING A PRELIMINARY ARTICLE 39(a), 10 U.S.C. § 839(a) SESSION RULING THAT THE APPELLANT'S FAILURE TO PRESENT SUFFICIENT EVIDENCE OF EXPECTED TESTIMONY ON SPECIFICATION I AS TO REQUIRE A FINDING'S INSTRUCTION ON THE DEFENSE OF DURESS LIKEWISE SERVED TO BAR PRESENTATION OF THIS SAME EVIDENCE ON THE MERITS FOR MEMBER'S [sic] CONSIDERATION ON THE FINDINGS.

II

THE APPELLANT WAS DENIED HIS FUNDAMENTAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR AND IMPARTIAL TRIAL WHEN THE MILITARY JUDGE REFUSED TO PERMIT PRESENTATION OF ANY EVIDENCE OF DURESS ON THE MERITS FOR COURT MEMBERS CONSIDERATION ON THE FINDINGS.

The accused is charged in the original charge and specification with unauthorized absence from USS FORT SNELLING (LSD–30), located at Naval Amphibious Base, Little Creek, Virginia; the absence is alleged to have commenced 1 May 1979 and terminated 3 October 1980. Service record entries reflect that: (1) the absence commenced when the accused failed to report for duty by 30 April 1979 to USS FORT SNELLING on permanent-change-of-station orders; (2) prior to his assignment to USS FORT SNELLING, the accused was assigned for permanent duty to Shore Intermediate Maintenance Activity (SIMA) (previously, Fleet Maintenance Assistance Group, Pacific), located at Naval Station, San Diego, California; (3) that from 16 March 1979 to his detachment date of 13 April 1979, enroute to USS FORT SNELLING, the accused was on temporary duty with SIMA San Francisco, a detachment of

his parent command, located at Naval Air Station, Alameda, California; and (4) that the accused was apprehended by civil authorities, Whidbey Island, Washington, on 3 October 1980 for unauthorized absence only.

During an Article 39(a) session on 14 January 1981, called to litigate a defense motion for the production of witnesses, trial defense counsel raised the issue of a potential affirmative defense of duress to the extended unauthorized absence. In a paragraph 115, *Manual for Courts-Martial, 1969 (Rev.)*, request for the production of witnesses, in his brief on the motion, and in subsequent colloquies with the military judge, trial defense counsel made an offer of proof of a series of events to be established by expected testimony which he put forth as the basis for the affirmative defense.

It appears that, while assigned to SIMA San Diego, appellant had provided San Diego naval authorities with information concerning substantial traffic in controlled substances (drugs) at Naval Station, San Diego. Subsequently, he provided the Naval Investigative Service (NIS), at Naval Station, San Diego, with information concerning incidents of prostitution, vandalism, and traffic (including international traffic) in stolen or illegally modified automatic weapons in the San Diego area. Knowledge of his assistance to NIS as a confidential informant apparently became known to the malefactors involved (including alleged involvement by members of "Hell's Angels") as a result of compromised official records. Appellant was subjected, consequently, to extortion threats, physical beating, and an invasion of his barracks room by alleged civilians—from which appellant narrowly escaped. Appellant's departure from San Diego was effected under a ruse that he was being sent to the brig and his destination of Alameda was to be confidential. Upon arrival at Alameda, appellant was recognized by a person from the barracks in San Diego. In view of the serious possibility that appellant was still being sought by

those on whom he had informed, appellant was issued PCS orders to USS FORT SNELLING. Prior to his arrival at his home in Alaska while on leave enroute to USS FORT SNELLING, appellant's father received a telephone call relative to the "gun" incidents and threatening death or serious harm.[1] Upon arrival in Alaska, appellant determined that his safety could not be ensured anywhere in the Navy and decided to go "undercover." The alleged absence offense thus ensued.

Following a resolution of the witness requests, in a manner not consequential to us here, the military judge advised trial defense counsel at a subsequent Article 39(a) session that a further offer of proof would be required establishing all elements of the affirmative defense before he would grant the requested instruction or permit the issue to be placed in evidence before the members.

> MJ: .... Now if I am not satisfied by the offer of proof I will not permit the defense to put on any of this evidence. Unless each element of the defense of duress is actually raised by the evidence which the defense will offer I will not permit any of the evidence to go to the members..... I am going to put you on notice now that I do intend to require you have all the elements of a defense of duress prior to letting any of this information go to the members.

(R. 37).

The military judge required, in particular, that the defense establish a closer nexus between the utterance of the threat of serious bodily harm or death in California and the inception of appellant's unauthorized absence in the Norfolk, Virginia, area and that appellant had exercised all reasonable alternatives to avoid commission of the offense. Although it was not precisely articulated by trial defense counsel, it seems clear from the record that he based immediacy of harm on a theory of a criminal enterprise among certain Navy personnel which was sufficiently extensive that harm

---

1. The actual occurrence of these events and the seriousness with which they were viewed by appellant's superiors are not in doubt on the basis of the record.

could be visited on appellant in Virginia as easily as in California and that the proffered transfer to a distant duty station, alone, would not provide adequate protection for appellant. The military judge was not satisfied with the offer of proof, however. He denied the requested instruction on duress and, further, ruled that trial defense counsel *would be barred* from introducing *any* evidence of duress on the merits at trial.

> MJ: Well again, counsel, let me point out. The standard is not whether or not I believe what the government did was reasonable, but whether or not there is sufficient evidence to permit the members to decide this issue, whether or not there is enough evidence before the court to permit an instruction on the defense of duress. The reasonableness, of course, is a question for the trier of fact and not for the court at this point and time. However, I am prepared to rule at this point and time that the defense may not put forth evidence on this issue before the members on the merits of the case.

(R. 42–43).

The military judge denied trial defense counsel's request for reconsideration of his ruling, stating that:

> MJ: You will not be permitted to bring these matters out before the members on the merits counsel. That was the ruling. The whole purpose of the ruling is to prevent matters of no relevance on the merits from coming before the members. I have determined that you do not have evidence, that the evidence itself is not sufficient to warrant the instruction to the members on the defense of duress. That is as a matter of law such a defense does not exist in the case based on your offer of proof, and accordingly the stipulations of testimony and the live testimony of the witnesses on this matter would not be relevant to any matter before the court on the merits of the case. Now clearly, counsel, this is not to preclude bringing these matters out before the members in extenuation and mitigation if we get to that point and time concerning the particular offense. You are preclud-

ed from bringing these matters out on the merits as to the guilt or the innocence of the accused on this particular offense. I thought that was clear from the earlier ruling. However, now I am certain it is clear . . . . .

(R. 50.)

■ We conclude that the military judge committed prejudicial error by so ruling. We think it elemental that a military judge, in a trial before court members, is not empowered to preview expected admissible evidence on the merits in an Article 39(a) session, make ultimate factual determinations from that anticipated evidence when he is not the factfinder, and thereupon bar counsel from presenting that evidence to the finders of fact if he considers it lacking in some manner. Such prelitigation of controverted issues deprives court-members of their legitimate functions and subverts the purpose for which they are assembled as a court-martial.

In the instant case, we do not perceive any indication that the evidence which trial defense counsel intended to offer on the merits would have been inadmissible. As outlined in the defense's offer of proof and despite appellate government counsel's assertions to the contrary, the evidence of duress was certainly relevant and material and at least facially competent. The ruling of the military judge thus does not fall within the injunction of MRE 103(c) that *inadmissible* evidence shall not be "suggested to the members by any means . . . . "

A similar issue was confronted previously by this Court in *United States v. Coleman,* 11 M.J. 856 (N.M.C.M.R.1981), a case wherein the military judge ruled that, "since the evidence was insufficient to raise the issue of mental responsibility, it could not be introduced at the trial on the merits before the members." *Coleman, supra* at 857. As stated succinctly by Judge Gladis in *Coleman:*

> Evidence may be admissible even though it is not sufficient to require an instruction or leave the fact finders with a reasonable doubt. [citation omitted] An ac-

cused is entitled to have the factual issues decided by the trier of fact. The military judge has no authority to hear the evidence before it is presented to the triers of fact, weigh it, and exclude it because he determines that it is too weak to raise a defense requiring instruction. The weight of the evidence is a matter within the province of the fact finders. The judge here usurped the function of fact finders and deprived the accused of his right to a trial of the facts before the members. Consequently, the accused did not receive a fair trial.

*Id.* at 857.

We consider *Coleman* to be dispositive of the case before us. We are not persuaded by appellate government counsel's claim that the language of the decision in *Coleman* is "overbroad" or that it should be limited only to the issue of the defense of insanity with which that case dealt. Here, the proffered evidence clearly raised the issue of duress, whether or not the military judge believed that the expected testimony of appellant's case-in-chief reasonably would meet the required elements of immediacy and continuity of the danger and the absence of reasonable alternatives to avoid commission of the offense.

Further, inasmuch as duress would have been raised by the evidence had it been admitted, the military judge erred by denying appellant's requested instruction on the affirmative defense (Assignment of Error III). *United States v. Jones,* 7 M.J. 441 (C.M.A.1979). To merit the instruction, it was not necessary that the military judge be convinced that all elements of the affirmative defense were present beyond reasonable doubt; such a finding was the province of the court members *based* on an instruction which detailed the required elements and which was tailored appropriately to the evidence.

We hold that appellant had the right to present evidence of duress on the merits before the members. The military judge's refusal to permit such presentation resulted in a denial of appellant's rights to Constitutional due process and to a fair and impartial trial.

We further hold that failure to afford the petitioner a reasonable opportunity to defend himself against the charge ... was a denial of due process of law. A person's right to a reasonable notice of a charge against him and an opportunity to be heard in his defense—a right to his day in court—are basic in our system of jurisprudence; and these rights include, as a minimum, a right to examine the witnesses against him, *to offer testimony,* and to be represented by counsel. (emphasis supplied).

*In re Oliver,* 333 U.S. 257, 273, 68 S.Ct. 499, 507, 92 L.Ed. 682 (1947). These protections are equally applicable to trial by courts-martial. *United States v. Clay,* 1 U.S.C.M.A. 74, 1 C.M.R. 74 (1951).

Assignments of Error I and II are granted. Accordingly, the findings of guilty of the Charge and its specification are set aside. The findings of guilty of the Additional Charge and its specification are affirmed. In view of the action of the Naval Clemency and Parole Board of 24 September 1981 remitting the bad-conduct discharge, a rehearing would serve no useful purpose in terms of punishment or rehabilitation and, therefore, one is not authorized. The Charge and specification are dismissed. The sentence is reassessed. Only so much of the sentence as provides for confinement at hard labor for six months is affirmed. All rights and property of which appellant may have been deprived shall be restored.

SANDERS, Senior Judge and BOHLEN and MICHAEL, JJ., concur.