## UNITED STATES

v.

### Senior Airman David B. WOOD, FR 566–06–0375, United States Air Force.

#### ACM S28144.

U.S. Air Force Court of Military Review.

Sentence Adjudged 15 June 1989.

Decided 3 Nov. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Paul M. Dankovich.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Major Terry M. Petrie and Captain James C. Sinwell.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

### DECISION

KASTL, Senior Judge:

Upon his pleas of guilty, the appellant was found guilty of wrongful use of cocaine, in violation of Article 112a, 10 U.S.C. § 912a. After the case reached us for consideration on the merits, we specified to both sides the possibility that the appellant had successfully claimed the "sanctuary" available under Air Force Regulation (AFR) 30–2, *Social Actions Program*, paragraph 4–2 (Change 1) (19 August 1988). *See United States v. Alexander*, 26 M.J. 988 (A.F.C.M.R.1988).

After considering well-researched briefs from both counsel, we find the appellant's unsworn statement that he had claimed the Air Force limited privilege as a drug abuser substantially inconsistent with his plea of guilty. When the contradiction between the guilty plea and the unsworn statement surfaced during the proceedings, the military judge should have made further inquiry. Without such clarifying inquiry, the appellant's plea of guilty was improvident.

No difficulty arose at trial on the merits. The prosecution presented a stipulation of fact which, coupled with the guilty plea inquiry of the appellant, appeared to clinch proof of his guilt. It was only during his unsworn statement that a jarring note arose. In that statement, the appellant explained the facts and circumstances surrounding his cocaine use. He stated that he had smoked cocaine with his wife, then had a flat tire when returning to the base. The appellant related that he had become "scared and confused" at this point and thus he remained away from duty for several days. Then:

When I arrived in Sacramento, I immediately contacted my supervisor, MSgt Mulz, and informed him of what had happened over the past several days. I ask [sic] him to help me. MSgt Mulz told

me to stay where I was, and that he would send someone over to bring me to the base.

The unsworn statement continues:

After I arrived on base I went to the First Sergeant's Office where I was met by the First Sergeant, CMSgt Sully, my Squadron Section Commander, 1st Lt. Sanders, MSgt Mulz, and two security policemen. I told them that I had smoked cocaine while in Modesto, and that I had been afraid to return to the base. I also ask [sic] them at that time for their help, for both me and my wife, *and asked that we be placed in the social actions drug rehabilitation program* (emphasis supplied.)

■ It is elementary in military practice that if an accused sometime during the proceeding sets up matter inconsistent with a plea of guilty, the plea must be rejected. Article 45, UCMJ, 10 U.S.C. § 845; *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980); *United States v. Jemmings*, 1 M.J. 414, 418 (C.M.A.1976). Nevertheless, a military judge need not engage in what the Navy–Marine Court of Military Review has aptly called a "mindless fishing expedition to ferret out or negate all possible defenses or potential inconsistencies." *United States v. Jackson*, 23 M.J. 650, 652 (N.M.C.M.R.1986). To the contrary, as the Court of Military Appeals recently explained in a case involving the possibility of an entrapment defense, the mere tactical

likelihood of raising a defense does not of itself warrant rejection of an otherwise provident plea. *United States v. Clark*, 28 M.J. 401, 407 (C.M.A.1989). *See also United States v. Williams*, 27 M.J. 671, 674 (A.C.M.R.1988) (extensive gathering of pertinent cases).

■ Here, the discrepancy is wide, given the substantial protection available to one successfully gaining entrance to the sanctum of a limited drug privilege under Air Force Regulation 30–2.* We hold that the military judge was required to reopen the inquiry into the factual basis for the appellant's guilty plea and to receive a satisfactory explanation as to the apparent inconsistency. We believe this regulatory privilege must be regarded in the same category as those at common law or granted by statute. *United States v. Brooks*, 26 M.J. 930, 932 (A.C.M.R.1988).

Whether the Air Force wishes to foster such a "limited privilege" for self-identified drug users is a matter of policy, not of law. For our part, however, once the Air Force establishes such a program, we are oathbound to enforce its parameters. *See United States v. Wakin*, 27 M.J. 532 (A.F. C.M.R.1988) and *United States v. Alexander*, 26 M.J. at 990–991.

As for the next step: Given the present posture of the case, we are unable to tell whether the Government has available sufficient documentation to disprove the appel-

---

* Air Force Regulation 30–2, *Social Actions Program*, paragraph 4–2 (Change 1) (19 August 1988), provides in pertinent part as follows:

    a. *Self–Identification.* Air Force members who may have a drug or alcohol problem are encouraged to seek assistance and refer themselves for evaluation.

    \*   \*   \*   \*   \*   \*

    (1) Drugs. Commanders will grant limited protections for Air Force members who, with the intention of entering the Air Force [Substance Abuse Reorientation and Treatment] Program, voluntarily disclose evidence of prior personal drug use or prior possession of drugs for personal use. Such disclosure may not be used against a member in an action under the UCMJ or on the issue of characterization of service in a separation proceeding as long as the following apply:

    (a) Member is seeking assistance and voluntarily reveals the nature and extent of drug

involvement to the unit commander, first sergeant, [Social Actions Office] personnel, or designated military medical authority and has not previously been:

    1. Apprehended for such involvement.

    2. Placed under investigation for drug abuse (members are considered under investigation when the appropriate initial case entry is made in a Security Police blotter or the Security Police Investigator's Log of Cases, or when a commander has requested, either in writing or orally, an investigation according to AFR 124–4).

    3. Ordered to give a urine sample as part of the Drug Testing Program.

    4. Advised of a recommendation for administrative separation for drug abuse.

    5. Entered into [the Substance Abuse Reorientation and Treatment Program] for drug abuse.

lant's assertion that he had claimed the legal sanctuary available under AFR 30–2. That matter can be determined upon a full second hearing.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge BLOMMERS and Judge MURDOCK concur.