**UNITED STATES**

v.

**Senior Airman Cory ELLERBEE, FR 568–55–0071, United States Air Force.**

**ACM S28195.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 26 Oct. 1989.

Decided 20 Feb. 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair; Captain Michael D. Burt and Lieutenant Colonel Francis T. Lacey, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Colonel Robert E. Giovagnoni and Captain Morris D. Davis.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

### DECISION

KASTL, Senior Judge:

On our own motion, we specified the following issue to appellate counsel:

DID THE MILITARY JUDGE ERR IN ACCEPTING THE APPELLANT'S PLEAS OF GUILTY IN LIGHT OF HIS UNSWORN TESTIMONY RAISING THE POSSIBILITY OF A DEFENSE OF DURESS?

After having considered briefs from both sides, we are convinced that the appellant reasonably raised a question of a defense grounded on duress. Accordingly, his pleas of guilty cannot stand.

On 15 September 1989, the appellant was restricted to the confines of Hickam Air Force Base, Hawaii, by his commander pursuant to nonjudicial punishment. On 24 September, while still under that restriction, he left Hickam without permission and travelled to California. He did so using an airline ticket which had been purchased by the government for his temporary duty related travel. When that official travel was cancelled, the ticket remained in the appellant's possession. He remained absent until 11 October, when he voluntarily returned.

Upon these facts, he was tried for breaking restriction, larceny of the airline ticket, and unauthorized absence, violations of Articles 134, 121, and 86, UCMJ, 10 U.S.C. §§ 934, 921, 886.

During his unexceptional providence inquiry, the appellant responded to questions put by the military judge in accordance with *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). He raised no suggestion of duress at this juncture.

Later, in an unsworn statement during the pre-sentencing phase of the trial, the possibility of duress surfaced. The appellant detailed how he and his wife had separated and finally divorced. In May 1989, the appellant heard rumors that his ex-wife's new boyfriend, Lee, wanted to beat him up. In June 1989, Lee assaulted him in the parking lot outside the appellant's off-base apartment. The appellant claimed he received "two black eyes, two busted lips, my ear was cut and my nose was broken." Later in June, Lee passed a note saying "I am not through with you yet." The appellant gave the note to his officer-in-charge. In August, an unknown assailant threw a beer bottle at the appellant's car, cracking the windshield. A picture of the cracked windshield was entered into the record as a defense exhibit. On another occasion, Lee struck the appellant once but could do no further damage because friends separated them.

In early September, the appellant heard Lee was "mad" and supposedly had a bullet with the appellant's name on it. Claiming that he feared for his life, the appellant sought help from his superiors as an endangered airman. He was apparently unsuccessful in these efforts. He continued to encounter his ex-wife and Lee on base. In late September, he found a bullet on the seat of his car on-base; he turned the bullet over to the Security Police. The appellant explained during his unsworn statement that he felt unsafe, even on base, since Lee and his ex-wife appeared to have

free access to the installation. He breached restriction and went to a friend's house to spend the night. The next day, he decided to use the airline ticket to go home to California. He fled the area, he concluded, out of fear for his life:

> ... I thought about it the whole time while I was at work and I talked to one of my friends while I was at work. I told him that I was thinking about just leaving cause I didn't know what else to do. I didn't know if it was ever going to end or how far this guy was going to take it or what [my ex-wife] was even telling him to make him be so mad at me.

At no time did the military judge question the appellant regarding his understanding of the defense of duress.

 Based on the statements of the appellant detailed above, we find that the military judge erred in accepting the appellant's pleas of guilty and then permitting them to stand despite the possibility of duress suggested in his unsworn statement.

Article 45, UCMJ, 10 U.S.C. § 845 provides that:

> If an accused after arraignment makes an irregular pleading, or *after a plea of guilty sets up matter inconsistent with the plea,* or if it appears that he has entered the plea of guilty improvidently or through lack of understanding of its meaning and effect, or if he fails or refuses to plead, a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty.

(Emphasis added).

It follows that when an unsworn statement reasonably raises a question of a defense and the matter remains unresolved, the guilty plea must be set aside. *United States v. Roby,* 23 U.S.C.M.A. 95, 49 C.M.R. 544 (1975) and cases cited. In military law, coercion or duress has been recognized as such a defense. *See* R.C.M. 916(h) and *United States v. Advincula,* 29 M.J. 676 (A.F.C.M.R.1989) and cases cited.

It is apparent that during his unsworn statement, the appellant set up matters substantially inconsistent with his plea of guilty. That discrepancy is material, going beyond the world of the "mindless fishing expedition" criticized in *United States v. Jackson,* 23 M.J. 650, 652 (N.M.C.M.R. 1986). As we recently noted in *United States v. Wood,* 29 M.J. 852, 853 (A.F.C.M. R.1989), the mere tactical possibility of raising a defense does not *per se* warrant rejection of an otherwise provident plea; however, when the contradiction shows a substantial inconsistency, we cannot permit the matter to slide by.

Concededly, the true facts and the assertions in the accused's unsworn statement may be light years apart. However, that is not the test for determining providence of a plea. Instead, it is elementary military law that a basic inconsistency will invalidate the plea. *See United States v. Clark,* 28 M.J. 401, 406–407 (C.M.A.1989); *United States v. Jemmings,* 1 M.J. 414, 418 (C.M. A.1976); *United States v. Roby, supra; United States v. Parker,* 10 M.J. 849 (N.C. M.R.1981); Vogel, *Duress: An Affirmative Defense to Criminal Prosecution,* 29 JAG Journal 85 (Fall 1976). *See also United States v. Hullum,* 15 M.J. 261, 265–266 (C.M.A.1983); *United States v. Tulin,* 14 M.J. 695 (N.M.C.M.R.1982); *United States v. Ellerbe,* N.M.C.M.R. 864576, 17 February 1987; *United States v. Drain,* N.M.C. M.R. 850671, 29 March 1985.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge BLOOMERS and Judge MURDOCK concur.